# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZOE L. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-1457-BMJ |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Zoe L. Williams, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's final decision finding she was not disabled under the Social Security Act. The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR) [Doc. No. 13], and both parties have briefed their respective positions.[1] For the reasons stated below, the Commissioner's decision is affirmed.

## I.  Procedural Background

On March 27, 2014, Plaintiff protectively filed an application for disability insurance benefits (DIB). *See* AR 18. The Social Security Administration (SSA) denied the application initially and on reconsideration. AR 108, 121. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated October 15, 2015. AR 15-33. The Appeals Council denied Plaintiff's request for review. AR 1-6. Thus, the decision of the ALJ became the final decision of the Commissioner. Plaintiff seeks judicial review of this final agency decision.

---

[1] Citations to the parties' submissions reference the Court's ECF pagination.

## II. The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluation process); *see also* 20 C.F.R. § 404.1520. The ALJ first determined Plaintiff had not engaged in substantial gainful activity since March 27, 2013, the amended alleged onset date. AR 20.

At step two, the ALJ determined Plaintiff suffered from the severe impairments of degenerative disc disease, lumbar spine; osteoarthritis of the bilateral knees; obesity; major depressive disorder; and posttraumatic stress disorder. AR 20. At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 20-22.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can never climb ladders, ropes, or scaffolds; she can frequently crouch and occasionally climb ramps and stairs, balance, stoop, kneel, and crawl. Furthermore, she is limited to simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements and involving only simple, work-related decisions; with few, if any, workplace changes; and only occasional contact with supervisors and coworkers and no more than incidental contact with the general public.

AR 22-26. The ALJ determined Plaintiff was unable to perform any past relevant work. AR 26. Relying on the testimony of a vocational expert (VE), the ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform—patch worker, air purifier, and slagger. AR 27. The ALJ concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act. AR 28.

**III.    Issue Presented for Judicial Review**

Plaintiff presents one issue for review. She contends the ALJ failed to develop the record adequately by not ordering a consultative mental examination. As illustrated below, the ALJ did not commit reversible error.

**IV.    Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

**V.    Analysis**

Plaintiff argues the ALJ failed to develop the record by not ordering a consultative mental examination. "It is beyond dispute that the burden to prove disability in a social security case is on the claimant." *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir.1997); *see also* 20 C.F.R.

§ 404.1512(a). Moreover, the administrative law judge has a duty to develop the record, but where, as in this case, a claimant is represented by counsel, the administrative law judge is ordinarily "'entitled to rely on the claimant's counsel to structure and present [the] claimant's case in a way that the claimant's claims are adequately explored.'" *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (*quoting Hawkins*, 113 F.3d at 1167).

A consultative examination may be procured "to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on [the] claim." 20 C.F.R. § 416.919a(b). Situations in which a consultative examination may be purchased include:

> (1) The additional evidence needed is not contained in the records of [the claimant's] medical sources;
>
> (2) The evidence that may have been available from [the claimant's] treating or other medical sources cannot be obtained for reasons beyond [the claimant's] control, such as death or noncooperation of a medical source;
>
> (3) Highly technical or specialized medical evidence that we need is not available from [the claimant's] treating or other medical sources; or
>
> (4) There is an indication of a change in [the claimant's] condition that is likely to affect [the claimant's] ability to work, or, if [the claimant is] a child, [the claimant's] functioning, but the current severity of [the claimant's] impairment is not established.

*Id.* But absent a request for a consultative examination by counsel, "we will not impose a duty on the ALJ to order a consultative examination unless the need for one is clearly established in the record." *Hawkins*, 113 F.3d at 1168.

Plaintiff advances three arguments as to why the need for a consultative mental examination was clearly established. First, Plaintiff argues that the "record contained sufficient evidence 'to suggest a reasonable possibility' that [Plaintiff] suffered severe mental impairments."

4

Pl.'s Br. 8.  In support, Plaintiff cited medical evidence contained in the record.  Pl.'s Br. 8-9.  However, as Plaintiff's brief points out, the ALJ found Plaintiff had severe mental impairments at Step Two—major depressive disorder and PTSD, which were thoroughly considered at Steps Three and Four.  *Id.* at 9; AR 20-26.  Plaintiff does not argue that she suffered from other severe mental impairments.  Therefore, Plaintiff's argument does not pass muster.

Plaintiff also argues that the record did not contain an adequate evaluation of the effects of or the limitations caused by the severe mental impairments.  Pl.'s Br. 9-10.  Plaintiff contends "the medical records contained only a few brief and conclusory examinations related to her mental impairments."  Pl.'s Br. 10.  The record, however, contains documentation from three different providers addressing Plaintiff's mental disorders.  Records from Dr. Sheleatha Taylor-Bristow, M.D., span 2014 and 2015 and document multiple depression screenings, the diagnosis of mental disorders, and prescriptions for medication.  AR 328-339, 386-96.  The record evidences Plaintiff's visits to Jim Thompson, M.S.W., L.C.S.W. in April, May, and September of 2014—including a detailed narrative of Plaintiff's September 2014 visit.  AR 354, 412.  The record also includes records from Plaintiff's visits to Northcare for treatment of her mental disorders in 2015.[2]  AR 426-471.  The ALJ discussed these records in the decision.  AR 22-26.  Plaintiff's argument with regard to the sufficiency of the record does not have merit.

Finally, Plaintiff asserts the record established a consultative mental examination was necessary because on June 7, 2014, Dr. Susan Egbe, M.D., who performed the consultative physical examination, stated: "I recommend that she should be scheduled for a mental health evaluation through Social Security Disability because she has not been scheduled for one yet, and she has a fairly significant psychiatric history."  Pl.'s Br. 10-11; AR 343.  In support of this

---

[2] Northcare is a Community Mental Health Center.  *See* http://www.northcare.com/about-us.

argument, Plaintiff cites to *Spiva v. Colvin*, No. CIV-15-839-STE, 2016 WL 3039975 (W.D. Okla. May 27, 2016). Pl.'s Reply [Doc. No. 22], 6. *Spiva*, however, is easily distinguishable. The consultative examiner in that case recommended further intelligence testing, which was necessary to determine whether the claimant met a listing. *Spiva*, 2016 WL 3039975, at *5-6. Importantly, the claimant's attorney requested the ALJ order cognitive testing to determine the claimant's intellectual status. *Id.* at 5. The Court in *Spiva* relied on both the consultative examiner's recommendation for specialized testing *and* the attorney's request. *Id.* Here, Plaintiff's counsel never made such a request, a key distinction as the administrative law judge is ordinarily "entitled to rely on the claimant's counsel to structure and present [the] claimant's case in a way that the claimant's claims are adequately explored." *Maes*, 522 F.3d at 1096. Moreover, as stated above, the record was further developed after Plaintiff's visit with Dr. Egbe. In sum, Plaintiff has not shown the need for a consultative mental examination was "clearly established" as Tenth Circuit authority requires when a claimant is represented by counsel at the hearing. *Hawkins*, 113 F.3d at 1168.

The ALJ adequately developed the record, and Plaintiff's lone contention of error is without merit.

**VI.  Conclusion**

For the reasons set forth, the decision of the Commissioner is AFFIRMED.

ENTERED this 20th day of December, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE